**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

_____
|                                         :
THOMAS LOUDER                            :
and DONNA LOUDER,                        :
                                         :
               Plaintiffs    :
   v.                                  :     CIVIL ACTION NO. 14-3860
                                         :
LOWER SAUCON TOWNSHIP                    :
and CHIEF GUY LESSER,                    :
                                         :
               Defendants    :
_____:

**Henry S. Perkin, M.J.**                                          **April 29, 2015**

**MEMORANDUM**

       This matter is before the Court on Defendants Lower Saucon Township and Chief Guy Lesser's Motion to Dismiss Count II of Plaintiffs' Complaint Pursuant to F.R.C.P. 12(b)(6), which motion was filed September 22, 2014. The Response in Opposition to Defendants' Motion to Dismiss was filed by Plaintiffs on December 15, 2014. Having reviewed and considered the contentions of the parties, the Court is prepared to rule on this matter.

**Procedural History**

       On June 23, 2014, Plaintiffs Thomas Louder and Donna Louder, husband and wife, initiated this matter by filing a civil rights Complaint pursuant to 42 U.S.C. §1983 against Lower Saucon Township and Chief Guy Lesser in the United States District Court for the Eastern District of Pennsylvania. In their Complaint, Plaintiffs seek monetary relief for alleged violations of their First Amendment constitutional rights in connection with alleged retaliatory actions taken against Thomas Louder beginning in approximately June 2013 and continuing through June 2014.

## Facts

According to the Complaint, the pertinent facts to this Court's determination are as follows:

On or about October 31, 2005, Thomas Louder was hired as a police officer for the Lower Saucon Township Police Department.  Over the course of his employment, he has worked in the capacity of team leader, senior officer, and patrolman for the Lower Saucon Township Police Department and, to date, remains employed by the Police Department.

The claims arise out of the possible expansion and resultant re-zoning of a landfill owned by a private corporation, IESI, Inc. ("IESI"), in Lower Saucon Township.  At the time, it was alleged that the expansion of the landfill, as proposed, would require the purchasing of several homes in the area by the corporation and could have some impact on the value of homes in the area.

In March 2013, Plaintiff Donna Louder began her campaign for election to Lower Saucon Township Council with a mandate to pressure the Township to act in favor of the affected residents, and to disallow any re-zoning of the landfill.  Although she received enough votes in the May 2013 primary to be placed on the ballot, Donna Louder was ultimately defeated by a narrow margin in the November 2013 election.  Donna Louder, however, remained a vocal opponent of the expansion of the landfill.

On September 25, 2013, the Lower Saucon Township Council began a public hearing on the zoning change which would allow for the expansion of the landfill.  Prior to this meeting, Plaintiff Thomas Louder learned that Defendant Chief Guy Lesser ("Defendant Lesser"), acting as a private citizen, had recently changed his position on the proposed project

and now stood in favor of the expansion.  Plaintiffs allege that Defendant Lesser changed his position regarding the expansion because he owned one of the homes IESI would be purchasing in order to complete the expansion.  Plaintiffs allege that Defendant Lesser stood to benefit financially in the landfill expansion.

Plaintiffs aver that Defendant Lesser took retaliatory and adverse actions against Plaintiff Thomas Louder under color of state law.  More specifically, Plaintiff Thomas Louder alleges that because of his and his wife's opposition to the expansion, he was scrutinized in a way unfamiliar to him prior to this incident.  Plaintiff Thomas Louder also asserts that he was deprived of various duties and responsibilities that translated to a significant loss of overtime compensation.  Plaintiff Thomas Louder further alleges that he was officially reprimanded by Defendant Lesser for alleged unacceptable and inappropriate behavior at the council meeting, and was ultimately transferred to a different department, which resulted in a reduction of rank and loss of seniority.

Plaintiff Donna Louder avers that as a direct consequence of the alleged retaliation taken against her husband, she curtailed her vocal opposition to the expansion of the landfill in order to prevent any further purported retaliation against her husband.  Specifically, Plaintiff Donna Louder alleges that her First Amendment right to free speech was "chilled" as a result of the alleged actions taken against her husband.

## **Standard of Review**

On a motion to dismiss for failure to state a claim, courts accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled

to relief.  Phillips v. County of Allegheny, 515 F.3d 224 (3d Cir. 2008).  "While a complaint

attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a

plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels

and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  Bell

Atlantic Corp. v. Twombly, 550 U.S. 554 (2007) (citing Papasan v. Allain, 478 U.S. 265, 268

(1986)).

        In order to survive a motion to dismiss, a complaint "must contain sufficient

factual matter, accepted as true, to state a claim to relief that is plausible on its face."  Ashcroft

v. Iqbal, 556 U.S. 662 (2009).  A claim has facial plausibility when the plaintiff pleads factual

content that allows the court to draw the reasonable inference that the defendant is liable for the

misconduct alleged.  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  "Only a complaint that states a

plausible claim for relief survives a motion to dismiss."  Ashcroft v. Iqbal, 556 U.S. 662, 679

(2009).

## Discussion

        As noted above, Plaintiff Donna Louder has brought her own claim against

Defendants alleging that she was retaliated against, through disciplinary action brought against

her husband Plaintiff Thomas Louder, because she had voiced her opposition to the expansion of

the landfill.  See Complaint (Dkt. No. 1) at Count II.  Plaintiff Donna Louder avers that her First

Amendment right to free speech was "chilled" as a result of the alleged actions taken against her

husband.  More specifically, the Complaint alleges that her right to free speech was curtailed

because she feared that her spouse would be further disciplined, retaliated against, and ultimately

terminated from his employment if she did not stop in her vocal opposition to the expansion of

4

the landfill.  See Complaint (Dkt. No. 1) at Count II, ¶ 121.  Defendants argue in their motion to

dismiss that Plaintiff Donna Louder lacks standing to assert this claim.  For the following

reasons, this Court agrees.

As noted by the Honorable John R. Padova in the factually similar case of Ballas

v. City of Reading, No. 00-2943, 2001 U.S. Dist. LEXIS 657, at *21 (E.D. Pa. Jan. 25, 2001),

courts apply a three-step, burden-shifting analysis for retaliation claims made pursuant to the

First Amendment under § 1983.  Id. (citing Watters v. City of Philadelphia, 55 F.3d 886, 892 (3d

Cir. 1995)).  First, the plaintiff must show that she engaged in conduct or speech that is protected

by the First Amendment. Id.  Second, the plaintiff must show that the defendant responded with

retaliation, and that the protected activity was a substantial or motivating factor in the alleged

retaliatory action.  Id. (citing Anderson v. Davila, 125 F.3d 148, 161 (3d Cir. 1997); Watters, 55

F.3d at 892).  Third, the defendant may defeat the plaintiff's claim by demonstrating by a

preponderance of the evidence that the same action would have been taken even in the absence of

the protected conduct. Id. (citing Watters, 55 F.3d at 892).

In Ballas, 2001 U.S. Dist. LEXIS 657 (E.D. Pa. January 25, 2001), the plaintiff

brought a civil action for retaliation and wrongful termination along with other unrelated

allegations.  Plaintiff claimed that her termination was based on her involvement in local politics.

Plaintiff's husband, who was also involved in local politics, averred that his first amendment

rights were violated when his wife's employment was terminated because of her speech opposing

a new trash collection policy initiative.  Judge Padova granted defendants' motion to dismiss the

husband's claim, concluding that the husband lacked standing to assert a violation of section

1983 based on the deprivation of his First Amendment rights because the defendants' alleged

actions were directed against his wife, not him.  Ballas, 2001 U.S. Dist. LEXIS 657, at *22.  We agree with Judge Padova's recitation of the applicable case law, as well as his analysis and ultimate determination in Ballas.  This is precisely the same circumstance that we have in this matter.

    We have thoroughly reviewed the allegations in the Complaint, and will assume for the purposes of this motion that Plaintiff Donna Louder's speech against the expansion of the landfill was protectable under the First Amendment.  Nevertheless, the Complaint does not contain any allegations that satisfy the second criterion, i.e. that Plaintiff Donna Louder suffered retaliatory conduct.  There are no allegations in the Complaint demonstrating that she personally suffered any adverse consequence, retaliation, or retribution under color of state or federal law that would amount to violations of her personal constitutional rights, and thus permit her claim under 42 U.S.C. § 1983.

    As noted by Judge Padova, section 1983 permits suit for the abridgment only of one's own constitutional rights.  Ballas, 2001 U.S. Dist. LEXIS 657, at *22 (citing Berry v. City of Muskogee, 900 F.2d 1489, 1506 (10th Cir.1990)).  Plaintiff Donna Louder lacks standing to sue based on action taken against her husband, except through some derivative theory of liability like loss of consortium.  Claims for loss of consortium, however, are not cognizable under section 1983.  Ballas, 2001 U.S. Dist. LEXIS 657, at *22-23 (citing Berry, 900 F.2d at 1506-07 (plaintiffs not entitled to loss of consortium damages because section 1983 creates a federal remedy only for the party injured); Stallworth v. City of Cleveland, 893 F.2d 830, 838 (6th Cir. 1990) (dismissing husband's request for recovery for loss of consortium under section 1983 claim because the wife, rather than her husband, was the one who had suffered a deprivation of

her civil rights); <u>Quitmeyer v. Southeastern Pa. Trans. Auth.</u>, 740 F. Supp. 363, 370 (E.D. Pa.1990) (holding no authority to consider a loss of consortium claim deriving from a claim of injury by a spouse brought pursuant to 42 U.S.C. § 1983)).

Plaintiff Donna Louder was not terminated, demoted, transferred, or denied any employment benefit based on her speech.  To the contrary, the Complaint explicitly states that the basis of her action stems from "disciplinary action brought against her husband by Defendant Lesser who acted under color of state law . . . ."  <u>See</u> Complaint (Dkt. No. 1) at Count II, ¶ 118. These allegations do not establish a viable retaliation claim under section 1983.  Accordingly, we will dismiss Plaintiff Donna Louder's claim for retaliation in Count II of the Plaintiffs' Complaint.

Although Plaintiffs requested leave to amend their Complaint in the event that this Court were to grant Defendants' motion to dismiss, Plaintiffs did not set forth what the proposed amendment would entail.  Regardless, in light of the foregoing case law, it is difficult for this Court to conceive how Plaintiff Donna Louder would be able to plead a viable claim under section 1983 based on the facts alleged.  Accordingly, we deny Plaintiffs' request for leave to amend their Complaint at this time.

### <u>Conclusion</u>

Defendants Lower Saucon Township and Chief Guy Lesser's Motion to Dismiss Count II of Plaintiffs' Complaint Pursuant to F.R.C.P. 12(b)(6) is granted, and Count II of Plaintiffs' Complaint is dismissed.

An Order follows.

7